UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK R. SIMONELLI,                    Case No. 6:11-cv-1202-ORL-28-KRS
Plaintiff,

vs.

MONARCH RECOVERY MANAGEMENT, INC.
     a Pennsylvania corporation,

and
JOHN and JANE DOES I - IV,
     Defendant(s)                                     /
_____/

## COMPLAINT
### (Jury Trial Demand)

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer, FRANK R.
SIMONELLI  (hereinafter "SIMONELLI" or "Consumer"), for Defendants' violations of the
Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA")  which
prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.    This action
arises from MONARCH RECOVERY MANAGEMENT, INC's. (hereinafter "MONARCH
RECOVERY " or "Defendant") communications (i.e., telephone messages) to Plaintiff which
violated 15 U.S.C.  § 1692c(b) because Defendant disclosed to a person other than the Plaintiff
(or Plaintiff's spouse) that Defendant was attempting to collect an alleged debt from Plaintiff.
Consumer seeks an award of statutory damages (in the maximum amount of $ 1,000 *per action*),
reasonable attorney's fees and costs against each of the Defendants.

1

2. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it stated as part of its findings that :

> "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

15 U.S.C. § 1692(a).

## I. **JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (i.e., in Seminole County, Florida) and the Defendants transact business here.   Furthermore, MONARCH RECOVERY placed at least one telephone call to Plaintiff in this District.

## II. **PARTIES**

5. Plaintiff, FRANK R. SIMONELLI (hereinafter, "SIMONELLI" or "Consumer"), is a natural person who, at all times relevant, resided in Seminole County, Florida.

### **"MONARCH RECOVERY MANAGEMENT, INC."**

6. Defendant, MONARCH RECOVERY MANAGEMENT, INC. (hereinafter "MONARCH RECOVERY")   is a Pennsylvania corporation  whose principal place of business is 10965 Decatur Road in in Philadelphia, PA (19154-3210).

7. Defendant, MONARCH RECOVERY's  registered agent in the State of Florida is CT Corporation Management, 1200 South Pine Island Road, Plantation, FL 33324.

8. Plaintiff also sues the person or persons who created, approved, directed, and/or

2

participated in the collection practices that are the subject of this litigation.  The identity of these persons is known to Defendant MONARCH RECOVERY  but is not presently known to Plaintiff.  These defendants are hereinafter referred to as Defendants JOHN and JANE DOE I - III.  (Defendants MONARCH RECOVERY  and JOHN and JANE DOES I - III are hereinafter collectively referred to as the "Defendants").

9.      Defendants MONARCH RECOVERY and JOHN and JANE DOES I - III are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

10.      Defendant MONARCH RECOVERY  is licensed as a "consumer collection agency"  in the State of Florida by the Florida Office of Financial Regulation.

11.   The principal purpose of the Defendant MONARCH RECOVERY  is the debt collection via telephone, mail and fax.

12.   Defendant MONARCH RECOVERY regularly attempts to collect debts alleged to be due to another.

13.   Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

14.   All acts of the individual (JOHN and JANE DOES I - III) defendants  described below were committed with the intent to collect the Alleged Account on behalf of defendant MONARCH RECOVERY.

### FRANK SIMONELLI

15.   At all times material hereto, FRANK SIMONELLI  was a "consumer" as this term

3

is defined under 15 U.S.C. § 1692a(3).

## IV **FACTUAL ALLEGATIONS**

16.   At all times material hereto, the person who originated the account that MONARCH RECOVERY attempted to collect  was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).   Consumer is informed and believes that  MONARCH RECOVERY attempted to collect a credit card account from Consumer.

17.   At all times material hereto, the credit card account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

18.   The Alleged Account went into default before Defendant acquired any interest in the Account.

19.   At some unknown time in the past, MONARCH RECOVERY  directly or indirectly contracted with Creditor (or its successors in interest)  for the purpose of collecting the afore described consumer debt.

20.   Defendants left the following messages on Plaintiff's voice mail on or about the dates and at approximately the times stated :


> July 27, 2010          9:53 a.m.
>
> " This is a message for Frank Simonelli.  If this is not you, please hang up or disconnect.  By continuing  to listen  to this  message you  acknowledge  you  are  Frank  Simonelli.   This Monarch Recovery Management.   This communication  is from  a debt collector.  This is an attempt...". [Message cut off.]

4

August 3, 2010          4:03 pm

"This is a message for Frank Simonelli.  If this is not you, please
hang up or disconnect.  By continuing to listen to this message
you acknowledge you are  Frank Simonelli.  This Monarch
Recovery Management.  This communication is  from a debt
collector.  This is an attempt.." [Message cut off.]


August 4, 2010          8:54 pm

"This is a message for Frank Simonelli.  If this is not you, please
hang up or disconnect.  By continuing  to listen to this  message
you acknowledge you are  Frank Simonelli.  This Monarch
Recovery Management.  This communication is from a debt
collector.  This is an  attempt  to collect  a debt and information
obtained will be used for that purpose.  Please contact me about
 this matter at 800-503-3852 and refer to file number 18613212.
Thank you."


August 5, 2010          10: 55 am

"This is a message for Frank Simonelli.  If this is not you, please
hang up or disconnect.  By continuing to listen  to this message
you acknowledge you are  Frank Simonelli.   This Monarch
Recovery Management.   This communication  is from  a debt
collector.  This is an attempt to  collect a debt and  information
obtained will be used for that purpose.  Please contact me about
this matter at 800-503-3852 and refer to file number 18613212.
Thank you."


August 9, 2010          3:09 p.m

"This is a message for Frank Simonelli.  If this is not you, please
hang up or disconnect.  By continuing  to  listen to this message
you acknowledge you are  Frank Simonelli.   This Monarch
Recovery Management.  This communication  is  from  a debt
collector.  This is an attempt.."  .[Message cut off]

5

August 18, 2010          8:29 am

"This is a message for Frank Simonelli.  If this is not you, please hang up or disconnect.  By continuing to listen to this message you acknowledge you are Frank Simonelli.  This Monarch Recovery Management.  This communication is from a debt collector.  This is an attempt ..." [Message cut off.]

21.    Defendant left similar or identical messages on other occasions.  (Collectively, the "Telephone Messages").   Defendant the Telephone Messages from a number identified as (800) 503-3852.

22.    The Telephone Messages are "communications" as defined by 15 U.S.C. § 1692a(2).  See *Berg v. Merchs. Ass'n Colection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXI 94023 (S.D. Fla. Oct. 31, 2008).

23.    The following third-party heard the Telephone Messages while at or visiting Plaintiff's residence on one or more occasions : Diana Ruben.

24.    Plaintiff did not authorize Defendant to communicate with the third parties.

25.    No court authorized Defendant to communicate with third parties.

26.    No court had issued a judgment concerning the Account in favor of MONARCH RECOVERY or its client or assignee(s).

27.    The third parties had no legitimate business need for the information communicated in the Telephone Messages.

28.    Defendant knew or had reason to know that the third parties had no legitimate business need for the information communicated in the Telephone Messages.

29.    The messages communicate information affecting Plaintiff's reputation.

30.   Defendant knew or had reason to know that persons other than Plaintiff may hear its Telephone Messages left at Plaintiff's residence.

31.   All of Defendant MONARCH RECOVERY's  collection actions complained of in this Complaint occurred within one year of the date of this Complaint.

32.   Consumer FRANK SIMONELLI  has retained the undersigned law office to represent his  interest herein and is obligated to pay said law office a reasonable fee for its services.

### V. COUNT I
### UNATHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FDCPA
### (Fair Debt Collections Practices Act)

33.  Plaintiff FRANK SIMONELLI  repeats and re-alleges and incorporates by reference paragraphs 1 through 32 above.

34.  Defendant communicated with a third party in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692c(b).

WHERFORE, Plaintiff FRANK SIMONELLI  requests that the Court enter judgment in favor of Plaintiff FRANK SIMONELLI  and jointly and severally against Defendant MONARCH RECOVERY MANAGEMENT, INC., a Pennsylvania corporation and JOHN and JANE DOES I - III  for :

A.   Statutory damages (in the amount of $ 1,000) pursuant to 15 U.S.C. § 1692k;

B.  Costs and reasonable attorney's fees pursuant to 15  U.S.C. § 1692k;

C.   Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

Dated : JULY 20, 2011.

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando,   FL   32802-1948
Voice :     (407) 648-9050
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.              0776238
Assistant : (407) 403-6760
Assistant Email : snp304@cfl.rr.com
Attorney for the Plaintiff